UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN DIARRASSOUBA ISMAEL,
A-Number: 060-309-720,

Petitioner,

v.

WARDEN OF THE GOLDEN STATE ANNEX FACILITY, et al.,

Respondents.

No. 1:26-cv-01287-JLT-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO GRANT IN PART PETITION FOR WRIT OF HABEAS CORPUS AND DENY REQUEST FOR RELIEF BASED ON RESPONDENTS' PURPORTED DEFAULT**

(Docs. 1 & 12)

[14-DAY DEADLINE]

## I. INTRODUCTION

Petitioner Kevin Diarrassouba Ismael is an immigration detainee proceeding *pro se* with a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). He has been detained by U.S. Immigration and Customs Enforcement ("ICE") for more than thirteen months without a bond hearing while his removal proceedings remain pending. He contends that his continued detention violates the Due Process Clause of the Fifth Amendment. The undersigned finds that Petitioner's detention is authorized by 8 U.S.C. § 1226(c), and that he is not entitled to immediate release. However, the undersigned also finds that Petitioner's detention has become unreasonably prolonged, and that due process now requires an individualized bond hearing at which the Government bears the burden of justifying continued detention. Accordingly, the undersigned recommends that the petition (Doc. 1) be **GRANTED IN PART**.

## II. BACKGROUND

### A. Petitioner's Immigration and Criminal History

Petitioner is a native and citizen of the Ivory Coast. (Doc. 11-1, Declaration of Deportation Officer Alejandro Parra Jaimes ("Parra Jaimes Decl.") ¶ 6). He was admitted to the United States as a lawful permanent resident on or about December 12, 2008, at the age of eighteen, as the child of a United States citizen. (*Id.*). He has not acquired or derived United States citizenship. (*Id.* ¶ 7).

On April 12, 2024, Petitioner was convicted in the 158th District Court of Denton County, Texas, of aggravated assault in violation of Texas Penal Code § 22.02, and was sentenced to two years' confinement in the Texas Department of Criminal Justice. (*Id.* ¶ 8, Exs. 3, 5). On May 30, 2024, he was convicted in the 432nd District Court of Tarrant County, Texas, of fraudulent use or possession of identifying information in violation of Texas Penal Code § 32.51(c)(2). (*Id.* ¶ 9, Exs. 4-5). The record reflects additional criminal history. (*Id.* ¶ 10, Ex. 5).

Upon Petitioner's release from Texas Department of Criminal Justice custody, ICE Enforcement and Removal Operations ("ERO") arrested him, and, on June 14, 2025, issued a Form I-862 Notice to Appear placing him in removal proceedings. (*Id.* ¶¶ 11-12, Ex. 1).[1] On August 12, 2025, the Department of Homeland Security ("DHS") issued a Form I-261 lodging additional charges of removability under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(ii) (conviction of two crimes involving moral turpitude) and INA § 237(a)(2)(A)(iii) (conviction of an aggravated felony under INA § 101(a)(43)(F)). (*Id.* ¶ 13, Exs. 1-2).

At a master calendar hearing on August 25, 2025, Petitioner admitted the allegations in the charging documents. (*Id.* ¶ 15). The Immigration Judge sustained the aggravated felony charge of removability, deferred ruling on the crimes-involving-moral-turpitude charge, and designated the

[1] Petitioner asserts he has been detained since May 12, 2025. (Doc. 12 ¶ 1). The record does not support that date. Respondents' declaration states that ICE arrested Petitioner on or about June 13, 2025, upon his release from state custody (Parra Jaimes Decl. ¶ 11), and the criminal history record contains a corresponding entry reflecting a June 14, 2025 arrest by ICE ERO (*Id.*, Ex. 5). The undersigned uses the June 13, 2025 date supplied by Respondents. In any event, the distinction is immaterial because Petitioner's detention exceeds thirteen months under either his date or Respondents'.

Ivory Coast as the country of removal. (*Id.*). Petitioner requested additional time to obtain counsel and prepare his case on at least four occasions, and the Immigration Judge granted each request. (*Id.* ¶ 14). On or about February 23, 2026, Petitioner filed an application for relief from removal. (*Id.* ¶ 16). As of the Government's filing, a merits hearing was scheduled for June 25, 2026. (*Id.* ¶ 17). Petitioner remains detained at the Golden State Annex in McFarland, California. (*Id.* ¶ 18).

**B. Procedural History**

On February 13, 2026, Petitioner filed the instant petition challenging his prolonged detention and seeking a bond hearing. (Doc. 1). On February 19, 2026, the assigned Magistrate Judge ordered Respondents to show cause why the petition should not be granted, and directed that the response be filed within thirty days of service. (Doc. 9). Respondents filed a response on March 20, 2026, together with the Parra Jaimes Declaration and supporting exhibits. (Docs. 11, 11-1).

On May 1, 2026, Petitioner filed a document captioned as a response to the Government's asserted failure to comply with the show cause order. (Doc. 12). Petitioner asserts that he never received a response, that more than sixty days have elapsed since the thirty-day deadline, and that the writ should be issued and he should be released. (*Id.* ¶¶ 2-3, 6-8). He further argues that his continued detention violates due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has applied for asylum and withholding of removal and there is no significant likelihood of removal in the reasonably foreseeable future. (*Id.* ¶¶ 4-5).

The matter was subsequently reassigned to the undersigned. The petition is submitted for decision without oral argument. (Doc. 9 at 2).

**III. DISCUSSION**

**A. Jurisdiction**

A district court may grant a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order." *Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020). The Supreme Court has confirmed that

federal courts have jurisdiction to review a constitutional challenge to a noncitizen's detention. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). Petitioner is detained at the Golden State Annex in McFarland, California, within this judicial district, and he challenges the constitutionality of his detention rather than a final order of removal. Jurisdiction is therefore proper.

**B. Petitioner's Detention Is Authorized by 8 U.S.C. § 1226(c)**

Section 1226(c)(1)(B) directs the Attorney General to take into custody any noncitizen who "is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)" of Title 8. DHS has charged Petitioner as removable under both INA § 237(a)(2)(A)(ii) and § 237(a)(2)(A)(iii), codified at 8 U.S.C. § 1227(a)(2)(A)(ii) and (iii), and the Immigration Judge sustained the aggravated felony charge on August 25, 2025. (Parra Jaimes Decl. ¶¶ 13, 15). Petitioner was taken into ICE custody upon his release from state criminal custody, satisfying section 1226(c)(1)'s "when the alien is released" condition. 8 U.S.C. § 1226(c)(1).

Petitioner does not contest that section 1226(c) supplies the authority for his detention. Instead, he contends that the duration of his detention has become constitutionally unreasonable. Accordingly, the undersigned finds that section 1226(c) governs and turns to the constitutional question.[2]

**C. *Zadvydas* Does Not Apply**

Petitioner's reliance on *Zadvydas v. Davis*, 533 U.S. 678 (2001), is misplaced. *Zadvydas* construed 8 U.S.C. § 1231(a)(6), which governs detention of noncitizens *after* a final order of removal has been entered and the ninety-day removal period has expired. 533 U.S. at 682, 689. It held that such post-removal-period detention is implicitly limited to a period reasonably necessary to effect removal, and that after six months a detainee may obtain release by showing no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 699-701.

However, Petitioner is not detained under section 1231(a)(6). His removal proceedings

[2] The Court does not reach whether a conviction under Texas Penal Code § 22.02 categorically constitutes an aggravated felony under INA § 101(a)(43)(F) and 18 U.S.C. § 16(a). Petitioner does not challenge his removability or the applicability of section 1226(c), the Immigration Judge sustained the charge, and the indictment underlying the conviction alleges that Petitioner intentionally or knowingly threatened another with imminent bodily injury by pointing a firearm. (Parra Jaimes Decl., Ex. 3).

remain pending, and the record reflects no final order of removal. Detention during the pendency of removal proceedings is governed by section 1226, not section 1231. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059-62 (9th Cir. 2008). Therefore, *Zadvydas* does not entitle Petitioner to relief.

**D. Respondents' Response Was Timely, and Default Relief Is Unavailable**

Petitioner's request for immediate release based on Respondents' purported failure to respond (Doc. 12) fails on two independent grounds.

First, the premise is factually incorrect. The Court's order to show cause was entered on the docket February 19, 2026, with the response due within thirty days of service. (Doc. 9 at 2). Respondents filed their response on March 20, 2026. (Doc. 11). The response was timely, and Petitioner's assertion that no response has been filed appears to reflect a service or mailing issue rather than a default.

Second, even had the response been untimely, default judgment is not available in habeas corpus proceedings. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (a respondent's failure to timely answer does not entitle a habeas petitioner to relief).

The undersigned construes Doc. 12 as a traverse and supplemental brief and recommends that the relief requested therein be DENIED.

**E. Petitioner's Prolonged Detention Without a Bond Hearing Violates Due Process**

The Fifth Amendment's Due Process Clause provides that no person shall be "deprived of life, liberty, or property, without due process of law." "It is well established that the Fifth Amendment entitles aliens to due process of law" in removal proceedings. *Reno v. Flores*, 507 U.S. 292, 306 (1993). "Detention during removal proceedings is a constitutionally permissible part of that process." *Demore*, 538 U.S. at 531. Courts in this circuit and district evaluate due process challenges and bond hearings in the immigration context under the three-factor framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022); Diep v. Wofford, No. 1:24-cv-01238-SKO, 2025 WL 604744 (E.D. Cal. Feb. 25, 2025).

Under the *Mathews* test, the "identification of the specific dictates of due process generally requires consideration of three distinct factors." *Mathews*, 424 U.S. at 334-35. "First, the private

interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

i. Private Interest.

Petitioner's interest in "freedom from prolonged detention" is "unquestionably substantial." *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011). Petitioner has been in ICE custody since June 13, 2025—more than thirteen months as of the date of these findings—without any bond hearing or individualized custody determination. This detention period is more than three times the four-month figure the Supreme Court described in *Demore* as the outer range for a section 1226(c) detainee who pursues an appeal. 538 U.S. at 529–30. This factor weighs substantially in Petitioner's favor.

Additionally, the record establishes no anticipated endpoint. As of Respondents' March 20, 2026 filing, the Immigration Judge had sustained one charge of removability but deferred ruling on the other, Petitioner's application for relief remained pending, and a merits hearing had not yet occurred. (Parra Jaimes Decl. ¶¶ 15–17). Respondents identify no final order of removal, no travel document, and no projected date by which proceedings will conclude. Because any adverse decision would be subject to administrative and potentially judicial review, additional months of detention are foreseeable.

The record reflects that some portion of the delay in Petitioner's removal proceedings is attributable to Petitioner. On at least four occasions, Petitioner sought continuances of immigration court hearings to seek counsel and prepare his case. (Parra Jaimes Decl. ¶ 14). Petitioner also did not file his application for relief before the immigration court until February 23, 2026, roughly eight months after removal proceedings commenced. (*Id.* ¶ 16). However, the record does not support characterizing Petitioner's conduct as dilatory. He is proceeding *pro se* and detained, and his requests were directed at obtaining representation and preparing an application for asylum and withholding of removal. Additionally, Respondents do not contend that Petitioner acted in bad

faith. Therefore, the undersigned weighs Petitioner's continuance requests against him only modestly, and finds that they do not offset a detention that has now run more than thirteen months without any custody determination.

ii. Risk of Erroneous Deprivation.

"[T]he risk of an erroneous deprivation of [a petitioner's] interest is high" where he "has not received any bond or custody redetermination hearing." *Jimenez v. Wolf*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020). Petitioner has received none. The very premise of an individualized bond hearing is that assertions of dangerousness and flight risk are tested before a neutral adjudicator rather than presumed from the face of a charging document. Whatever the outcome of a bond hearing, where the Government may well carry its burden given Petitioner's multiple offenses which include aggravated assault with a deadly weapon, the probable value of subjecting its allegations to individualized scrutiny after more than thirteen months of detention is substantial, and the risk of erroneous deprivation in the continued absence of any hearing is likewise high. This factor favors Petitioner.

iii. Government's Interest.

The Government's interest "[includes] the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. The Government has a strong interest in proceeding with removal. *Demore*, 538 U.S. at 531. In addition, the Government has a strong interest in protecting the public. But the key Government interest at stake here "is not the continued detention of Petitioner, but the government's ability to detain him *without a bond hearing*." *Zagal-Alcaraz v. ICE Field Office Dir.*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *7 (D. Or. Mar. 25, 2020). Providing a single individualized hearing imposes minimal fiscal and administrative burden, and it does not compel Petitioner's release. If the Government establishes that Petitioner is a danger or a flight risk, his detention will continue. The Government's interest in avoiding that limited process does not outweigh Petitioner's substantial liberty interest after more than thirteen months without review. Nonetheless, the undersigned notes that Petitioner's criminal history, including a conviction for aggravated assault with a deadly weapon, is a serious matter bearing directly on dangerousness,

and nothing in these findings and recommendations is intended to suggest whether Petitioner's detention should continue or Petitioner should be released. The question of whether continued detention is warranted is committed to the Immigration Judge.

Weighing the *Mathews* factors, the undersigned concludes that Petitioner's continued detention under section 1226(c), without any individualized bond hearing, has become unreasonably prolonged, and that due process now requires an individualized bond hearing.

## IV. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus (Doc. 1) be **GRANTED IN PART**;
2. Within ten (10) days of any order adopting these findings and recommendations, Respondents be ORDERED to provide Petitioner an individualized bond hearing before an immigration judge. *See Lopez v. Garland*, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (identifying a bond hearing as the appropriate remedy, rather than release). At the hearing, the Government must establish "by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond." *Id.* (citations omitted). If Respondents fail to provide Petitioner with a bond hearing as required by the Court's order, Petitioner should be immediately released from detention; and,
3. Petitioner's request for relief based on Respondents' purported default (Doc. 12) be **DENIED**.

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of this Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id*. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s),

the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **July 21, 2026**

Erin Sury Castillo
UNITED STATES MAGISTRATE JUDGE